UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH HEDLUND, #469691,

      Plaintiff,                                      Hon. Hala Y. Jarbou

v.                                                        Case No. 1:21-cv-294

JONATHAN STEINER, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Plaintiff's Request for Injunctive Relief. (ECF No. 44). Plaintiff initiated this action against several Michigan Department of Corrections (MDOC) officials, however, most of Plaintiff's claims were dismissed on screening. (ECF No. 11-12). At this juncture, the only claims remaining are Eighth Amendment failure to protect claims asserted against two individuals. Plaintiff now moves the Court to "transfer [him] to his appropriate [security] level, that offers adequate mental health [treatment]." Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## ANALYSIS

      Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff

must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites, each of which must be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs against Plaintiff's request. In support of his motion, Plaintiff asserts that he was placed in segregation after a prison guard discovered a weapon in his cell. Plaintiff states that he "believe[s]" that the weapon was planted in his cell in retaliation for pursuing the present lawsuit. Plaintiff also asserts that when his property "was packed up," presumably as part of his transfer to segregation, five pages of his legal documents were misplaced. Finally, Plaintiff asserts that "factual evidence and details" will be provided at an unspecified future date.

Plaintiff has failed to demonstrate that he has suffered any harm for which an adequate legal remedy does not exist. As for Plaintiff's request to be transferred so that he may obtain "adequate mental health" treatment, Plaintiff has failed to demonstrate that the care presently available to him is insufficient or otherwise endangers his health or safety. Finally, the Court finds that the public interest is not served by interfering in the day-to-day operation of the MDOC without adequate justification for doing so. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Request for Injunctive Relief, (ECF No. 44), be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 12, 2022                    /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge