UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH HEDLUND,

    Plaintiff,

v.

JONATHON STEINER, et al.,

    Defendants.

_____/

Case No. 1:21-cv-294

Hon. Hala Y. Jarbou

## **ORDER**

This is a civil rights action under 42 U.S.C. § 1983, filed by a prisoner incarcerated by the Michigan Department of Corrections ("MDOC") at the Carson City Correctional Facility ("DRF"). On March 30, 2022, the magistrate judge issued a report and recommendation that the Court deny Defendant Steiner's motion for summary judgment based on failure to exhaust administrative remedies. (*See* 3/30/2022 R&R, ECF No. 42.) And on April 12, 2022, the magistrate judge issued a report and recommendation that the Court deny Plaintiff's motion for a preliminary injunction in the form of transfer to another facility or security level. (4/12/2022 R&R, ECF No. 46.) Before the Court are Steiner's objections to the first R&R (ECF No. 47) and Plaintiff's objections to the second (ECF No. 49).

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

**A. Defendant's Motion for Summary Judgment Regarding Exhaustion**

Plaintiff claims that two inmates attacked him on September 1, 2020, and that Defendants Steiner and Blair failed to protect him. In his motion for summary judgment, Defendant Steiner asserts that Plaintiff failed to exhaust any grievances against him, and he has provided evidence to support this assertion.[1] (*See* 3/30/2022 R&R 6.)

Plaintiff responded to Steiner's motion, asserting that Plaintiff "file[d] a grievance on C/O Steiner on [September 4, 2020]." (Pl.'s Resp., ECF No. 37, PageID.210.) Plaintiff says that he also "sent a carbon copy, requesting a receipt and never did . . . receive a copy." (*Id.*) As evidence to support these assertions, Plaintiff filed an affidavit stating that he "wrote a grievance" about the September 1, 2020 incident and "kept a goldenrod copy" for his records. (Pl.'s Aff., ECF No. 37-3, PageID.220.) On September 14, 2020, he "wrote a follow up letter, asking [the] grievance coordinator . . . if she received the Step 1 grievance, and if she had received such to please fo[r]ward a 'Notice of Receipt.'" (*Id.*) As of September 15, 2021, Plaintiff still had not received "any notice of receipt at Step 1, nor any response to the letter[.]" (*Id.*) Attached to his affidavit is what appears to be a copy of the September 14, 2020 letter, as well as a copy of the September 4, 2020 grievance. (ECF No. 37-3, PageID.222-223.) The latter does not have a "grievance identifier" on it, which is a unique number assigned to a grievance when prison staff receive it at Step I of the grievance process. *See* MDOC Policy Directive 03.02.130 ¶ X (Mar. 18, 2019). The magistrate judge correctly determined that Plaintiff's evidence creates a dispute of fact about whether Plaintiff filed a grievance against Defendant Steiner. (3/30/2022 R&R 7.)

---

[1] According to Defendant's summary judgment brief, Plaintiff exhausted a grievance against Defendant Blair, but that grievance did not concern the claim against Steiner, i.e., Steiner's failure to protect Plaintiff from the inmate attack on September 1, 2020. (*See* Def.'s Br. 8, ECF No. 36.)

In his reply in support of his motion, Defendant argues that, even if Plaintiff filed a grievance at Step I, he did not complete the process for exhausting it. He did not pursue his grievance to Step II (or Step III) of the grievance process. According to an affidavit from Lisa Becher, the grievance coordinator at DRF, she never failed to log or refused to process a grievance from Plaintiff. (Becher Aff. ¶ 9, ECF No. 39.) And if Plaintiff had submitted a Step I grievance but did not receive a receipt or a response, he could have requested a Step II grievance appeal form. (*Id.* ¶ 5.) Importantly, the applicable MDOC policy provides that "[a] grievant may file a Step II grievance if s/he is dissatisfied with the response received at Step I *or if s/he did not receive a timely response*." MDOC Policy Directive 03.02.130 ¶ DD (emphasis added). To do so, the grievant "must request a Prisoner/Parolee Grievance Appeal (CSJ-247B) from the Step I Grievance Coordinator and send the completed form to the Step II Grievance Coordinator . . . within ten business days after receiving the Step I response or, *if no response was received*, within ten business days after the date the response was due[.]" *Id.* (emphasis added). In other words, the MDOC's policy tells a prisoner what to do when no response is received to the Step I grievance: the prisoner must request a Step II grievance appeal form and then file that form. A similar rule applies when no response is received to a Step II grievance appeal. *See id.* ¶ HH.

In a sur-reply to Defendant's motion, Plaintiff insists that he did, in fact, "write and submit a grievance on Steiner" by giving it to an officer to put in the mailbox. (Pl.'s Sur-Reply, ECF No. 41, PageID.238.) However, Plaintiff does not respond directly to Defendant's argument about taking further steps to exhaust that grievance. Instead, Plaintiff argues that "his knowledge was very limited on all the process of the grievance process." (*Id.*)

The magistrate judge rejected Defendant's argument, stating that "while the MDOC grievance policy does not expressly state that a grievance identifier is necessary to pursue a Step

3

II grievance, 'it appears that MDOC facilities nonetheless impose such a requirement.'" (3/30/2022 R&R 7 (quoting *Martin v. Tanner*, 2021 WL 4595370, at *3 (W.D. Mich. Sept. 13, 2021)).)

Defendant objects to the magistrate judge's conclusion because the statement in *Martin* was based on a finding by a judge in *Cain v. Palmer*, No. 1:19-cv-628, 2020 WL 5413583, at *2 (W.D. Mich. Aug. 14, 2020), *report and recommendation adopted*, 2020 WL 5411547 (W.D. Mich. Sept. 9, 2020). *Cain* involved practices at the Michigan Reformatory, a different MDOC facility than DRF. Thus, the statement in *Martin* does not necessarily apply here, and it does not create a genuine dispute about whether *Plaintiff* could have exhausted a grievance *at DRF* without possession of a grievance identifier.

The Court agrees with Defendant. The evidence in *Cain*, and the district court's conclusions from that evidence, are not evidence *in this case*. Moreover, the findings in *Cain* are not binding on this Court. Indeed, Plaintiff has never argued, let alone demonstrated, that he was unable pursue his grievance through Steps II and III because he did not possess a grievance identifier. Further, although he contends that he never received a response regarding the status of his Step I grievance, he does not contend that he ever requested a Step II appeal form or that he attempted to pursue the steps laid out in Policy Directive 03.02.130 when no response to a Step I grievance is received. Thus, he has not presented evidence sufficient to show that the grievance process was unavailable to him. Construing the evidence in a light most favorable to Plaintiff, a jury could not reasonably infer that he exhausted his available administrative remedies.

In short, the Court will grant Defendant's objections and adopt the R&R insofar as it describes the background, the standard of review for Defendant's motion, and the parties' evidence. (*See* 3/30/2022 R&R 1-6.) The Court will reject the R&R insofar as it concludes that a

4

grievance identifier was necessary for Plaintiff to file a Step II grievance appeal.  No evidence in this case supports that conclusion.  Thus, Defendant Steiner is entitled to summary judgment.

### B. Plaintiff's Motion for Transfer

The magistrate judge also recommended that the Court deny Plaintiff's request for injunctive relief in the form of transfer to another prison or security level.  Plaintiff objects to that recommendation, but the Court discerns no error in the magistrate judge's reasoning.  Plaintiff's motion is based on events and individuals that are unrelated to this case.  Those circumstances do not demonstrate a likelihood of success on the merits of his claim in this matter.

Accordingly,

**IT IS ORDERED** that the R&R regarding Defendant Steiner's motion for dismissal and/or for summary judgment (ECF No. 42) is **ADOPTED IN PART** and **REJECTED IN PART**.  The R&R is adopted insofar as it describes the background, the standard of review, and the parties' evidence.  It is rejected insofar as it relies upon *Martin* and *Cain* to conclude that Plaintiff required a grievance identifier to file a Step II grievance.

**IT IS FURTHER ORDERED** that Defendant Steiner's motion for dismissal and/or for summary judgment (ECF No. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Steiner is **DISMISSED**.

**IT IS FURTHER ORDERED** that the R&R regarding Plaintiff's motion for transfer (ECF No. 46) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for transfer (ECF No. 44) is **DENIED**.

Dated:  May 19, 2022                        /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            UNITED STATES DISTRICT JUDGE